FILED

MAY 01 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

DANNY CLARKSON, §
    Plaintiff, §
     §
     §
v.      §    Case No. DR-26-CV-0016-AM
     §
RIVERVIEW ENTERPRISES, LTD., §
RANCH ENTERPRISES, LTD., and §
RANCH ENTERPRISES LOAN §
SERVICING, LLC, §
    Defendants. §

## ORDER

Before the Court are *pro se* Plaintiff Danny Clarkson's Verified Complaint [ECF No. 1], Motion for a Temporary Restraining Order ("TRO Motion") [ECF No. 2], Affidavit in Support of the Verified Complaint [ECF No. 3], and Memorandum of Law in Support of TRO and Preliminary Injunction [ECF No. 4]. The Plaintiff mailed his TRO Motion to the Defendants [ECF No. 2 at 4], but the Defendants remain unserved. This case will not proceed without proper service on the Defendants. After reviewing the TRO Motion and relevant filings, the TRO Motion is **DENIED**. (ECF No. 2.)

### I. BACKGROUND

The Plaintiff, an Indiana citizen, contracted with Defendant Ranch Enterprises Loan Servicing, LLC ("Defendant Ranch Enterprises"), to purchase the deed to a 40-acre parcel of land in Edwards County, Texas. (ECF No. 1 at 1–2.) According to the Plaintiff, he performed under the contract from 2022 through 2025. (ECF No. 2 at 1.)

Trouble begins in January 2026. On January 15, 2026, the Plaintiff alleges that he received a written payoff balance of $148,756.51, which he purports to have paid in full to Defendant Ranch Enterprises on January 22, 2026. (ECF No. 1 at 2.) Tracking through the United States Postal

Service reportedly confirmed delivery and signature on January 24, 2026. (*Id.*) Two days later, the Defendants issued a Notice of Default, threatening "cancellation" of the contract and "forfeiture" of the land. (*Id.*) The Defendants then cancelled the contract and forfeited the Plaintiff's interest in the property on March 2, 2026. (ECF No. 9.)

On March 11, 2026, the Plaintiff filed this case for: (1) breach of contract because he rendered payment in full; (2) declaratory judgment because a real controversy as to the payoff exists; and (3) a request for complete accounting because the "Defendants have exclusive control of records." (ECF No. 1 at 2.) That same day, he filed this TRO Motion [ECF No. 2] and a memorandum of law [ECF No. 4],[1] asking the Court to "prohibit[] [the] Defendants from cancelling or forfeiting [the] Plaintiff's interest" in the land. (ECF No. 2 at 2.) Yet the Plaintiff failed to perfect his filing with the Court until March 24, 2026, when he moved to proceed with his case *in forma pauperis*.[2] (*See* ECF No. 7.) It was also not until March 24, 2026, that the Plaintiff provided any evidence to support his contentions and to make the Court aware of a now-expired 15-day deadline to vacate the property. (*See* ECF Nos. 8, 9.)

The Plaintiff now re-urges [ECF No. 8] his TRO Motion, alleging that he "faces imminent loss of unique real property and years of payment" without an order prohibiting the Defendants from "cancelling or forfeiting [his] interest" in the land [ECF No. 2 at 1–2].

## II. LEGAL STANDARD

A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief" that preserves the status quo for 14 days. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (quoting *Hassani v. Napolitano*, No. 09-CV-1201,

---

[1] The Memorandum of Law in Support of TRO and Preliminary Injunction provided no additional information. (ECF No. 4.)

[2] A forthcoming order will assess the Plaintiff's ability to proceed *in forma pauperis*.

2009 WL 2044596, at *1 (N.D. Tex. 2009)); FED. R. CIV. P. 65.  It is an extraordinary remedy and is "rarely issued." *Id.* at 644 (quoting *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999)).  Because a TRO is such an extraordinary remedy, a movant seeking its entry must meet an exceedingly high standard.  The movant must clearly establish:

(1) A substantial likelihood of success on the merits;
(2) A substantial threat that the movant will suffer irreparable injury if the [TRO] is denied;
(3) That the threatened injury outweighs any damage that the [TRO] might cause the defendant; and
(4) That the [TRO] will not disserve the public interest.

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (citation omitted).  Each element is necessary.  "[I]f the movant does not succeed in carrying its burden on any one of the four prerequisites, a [TRO] may not issue . . . ."  *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).  The decision of whether to grant a TRO "is within the sound discretion of the district court."  *Rockwell v. Delaney*, No. 19-CV-00102, 2019 WL 2745754, at *2 (W.D. Tex. Apr. 16, 2019) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

### III. DISCUSSION

A TRO cannot issue in this case because the injury the TRO attempts to prevent—the "cancelling or forfeiting [of the Plaintiff's] interest in the land"—has already occurred.  (ECF No. 2.)  As a general rule, a TRO becomes moot once the event sought to be enjoined occurs.  *See Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998) ("[W]e find it beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined.").  Here, Defendant Ranch Enterprises noticed the Plaintiff that his contract for the deed was cancelled and his interest in the property was forfeited on March 2, 2026—nine days before

3

the Plaintiff filed this case.[3] (ECF No. 9.) The 15-day deadline to vacate the property has also expired. (*See id.*) The Plaintiff therefore does not ask this Court to maintain the status quo, but to reverse an injury that has already occurred. The appropriate time for such a TRO was ***before*** the Plaintiff's interest in the land terminated, not after.[4] The TRO is thus **DENIED** as **MOOT.**

Mootness aside, the TRO still cannot issue because the Plaintiff's Verified Complaint does not allege sufficient facts to demonstrate a likelihood of success on the merits. The Plaintiff brings three claims for breach of contract, declaratory judgment, and accounting. Those claims in their entirety read: (1) "[The] Plaintiff tendered full payment, and [the] Defendants failed to credit the tender and improperly declared default"; (2) "A real controversy exists regarding the status of the contract, payoff, and default"; and (3) "[The] Defendants have exclusive control of records and must produce a complete accounting." (ECF No. 1 at 2.) The Plaintiff provides no information on the contractual terms, any forfeiture provision within the contract, the contested defaults leading to forfeiture, or whether his name is on the deed to the land. With only these bare-bones allegations, the Court cannot determine whether the Plaintiff's alleged interest in the property exists—or ever existed—let alone determine a substantial likelihood of success on the merits. *Laredo Rd. Co. v. Maverick County*, 397 F. Supp. 2d 835 (W.D. Tex. 2005) ("[A] court may not issue a preliminary injunction unless there is a substantial likelihood of success on the merits.") (citation omitted). The TRO is therefore alternatively **DENIED** because the Plaintiff does meet his burden on the first TRO element.

---

[3] The Plaintiff mailed the Verified Complaint to the Court four days after the deed was cancelled. (ECF No. 1 at 4.)

[4] The Fifth Circuit in *Knoles v. Wells Fargo Bank, NA*, 513 F. App'x 414, 415 (5th Cir. 2013) held that the general rule may not apply in foreclosure cases where a court could use a preliminary injunction to restore possession after eviction. *See Knoles*, 513 F. App'x at 415. This case is distinguishable because the Plaintiff did not request injunctive relief to prevent eviction. The Fifth Circuit has declined to extend *Knoles* beyond its facts. *See Dick v. Colo. Hous. Enters., LLC*, 872 F.3d 709, 711 (5th Cir. 2017) ("*Knoles* is an unpublished opinion and thus does not constitute controlling precedent."). This Court thus applies the general rule.

## IV. Conclusion

For these reasons, it is **ORDERED** that the Plaintiff's TRO Motion [ECF No. 2] is **DENIED** as **MOOT**, and, alternatively, is **DENIED** because the Plaintiff failed to satisfy all required elements.

SIGNED and ENTERED on this 1st day of May 2026.

ALIA MOSES
Chief United States District Judge